**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dinan & Company LLC, | No. CV-21-01807-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Deaconess Associations Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant Deaconess Associations Incorporated's ("Deaconess") Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. 15 ("MDT")), and its Memorandum in Support of that MTD, (Doc. 16). The MTD is full briefed. (*See* Docs. 17; 18.) Neither party requested oral argument, and the Court elects to resolve the MTD without it. *See* LRCiv 7.2(f). Having reviewed the parties' briefing and relevant caselaw, the Court will transfer this action to the Southern District of Ohio for the reasons explained below.

**I.     Background**

The impetus for this case is a May 9, 2014 agreement (the "Agreement") between Plaintiff Dinan & Company LLC ("Dinan") and Deaconess. (*See* Doc. 1-3 at 4 ¶ 7.) Dinan is a "business finder," meaning that it identifies merger and acquisition targets for its clients to purchase. (*Id.* ¶ 6.) Dinan agreed to identify and present different acquisition targets for Deaconess and—if Deaconess successfully acquired a company presented by Dinan—Deaconess would pay Dinan a contingency fee. (*Id.* ¶¶ 8–9.) Dinan alleges that it identified

1  a company, Legacy Healthcare (the "Prospect"), as a potential acquisition target for Deaconess in August of 2014. (*Id.* 4–5 ¶¶ 10–11.) According to Dinan, Deaconess acquired the Prospect sometime in November of 2018 (the "Transaction"). (*Id.* at 6 ¶ 22.) Consequently, Dinan claims that it is entitled to its contingency fee. (*Id.* ¶¶ 22–24.)

During their business relationship, Deaconess attended a one-time business meeting with Dinan in Phoenix, (Doc. 17 at 4), though this meeting was not Deaconess' only or initial reason for being in Arizona, (Doc 17-1 at 15). The purpose of the meeting was to see Dinan's office and discuss potential "business sectors" in which Deaconess had interest. (*Id.* at 13–15.)

Dinan is an Arizona limited liability company with its principal place of business in Phoenix, Arizona. (Doc. 1-3 at 3.) Deaconess is an Ohio corporation, (*id.* at 4), and Ohio is its "home state." (Doc 16 at 11.) The Prospect is located in North Carolina. (*Id.* at 10; *see* Doc 1-3 at 5.)

## II.    Legal Standard

Before trial, a defendant may move to dismiss the complaint for lack of personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction, *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995), and "need only make a prima facie showing of jurisdictional facts" "in the absence of an evidentiary hearing," *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citation omitted). In determining whether a plaintiff has established a prima facie case for personal jurisdiction over a defendant, the complaint's uncontroverted allegations are accepted as true and "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Moreover, "the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion." *SKAPA Holdings LLC v. Seitz*, No. CV-20-00611-PHX-DJH, 2021 WL 672091, at *2 (D. Ariz. Jan. 21, 2021), *aff'd*, No. 21-15298, 2022 WL 94716 (9th Cir. Jan. 10, 2022) (quoting *Lindora, LLC v.*

*Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016)).[1]

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see*, *e.g.*, *A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995). Thus, analyzing personal jurisdiction under Arizona law and federal due process are identical. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

To comport with due process, "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (internal quotation marks and citations omitted). This requirement ensures "that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific." *Picot v. Weston*,

---

[1] The parties dispute what is the appropriate standard for a Rule 12(b)(2) motion and, consequently, what evidence the Court may consider for such a motion. (*See* Doc. 17 at 5–7; Doc. 18 at 2–3.) Dinan is correct that the question is not whether the pleadings were sufficient but whether relevant facts exist to support jurisdiction. *See Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 823 (D. Ariz. 2016) ("To withstand a 12(b)(2) motion, the plaintiff must show that the defendant is properly subject to the court's jurisdiction. The plaintiff must make only a prima facie showing of jurisdictional facts when the defendant's motion is based on written materials rather than an evidentiary hearing." (internal citation omitted)). Similarly, Dinan is correct that, to the extend Deaconess possessed facts cutting against personal jurisdiction, Deaconess should have submitted those facts in its initial MTD. *See Sunburst Mins., LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1060 (D. Ariz. 2018) ("[T]he rule against introducing new facts on reply is not a new one in this district or in the Ninth Circuit."). Therefore, the Court will not consider facts that only find their basis in the Second Declaration of John Murta, which was attached for the first time in Deaconess' Reply. (*See* Doc. 18-1.)

780 F.3d 1206, 1211 (9th Cir. 2015) (citation omitted); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). Here, Plaintiff only argues that the Court has specific personal jurisdiction over Deaconess. (Doc. 17 at 8.).

"When a plaintiff relies on specific jurisdiction, he must establish that jurisdiction is proper for 'each claim asserted against a defendant.'" *Picot*, 780 F.3d at 1211 (quoting *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)). "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum state.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S.Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Without such a connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S.Ct. at 1781. "Only contacts occurring prior to the event causing the litigation . . . may be considered by the Court." *Ariz. Sch. Risk Retention Trust, Inc. v. NMTC, Inc.*, 169 F. Supp. 3d 931, 935 (D. Ariz. 2016) (citing *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990)).

In analyzing specific jurisdiction, courts use the three-prong minimum contacts test as a guide "to determine whether a defendant has sufficient contacts with the forum to warrant the court's exercise of jurisdiction[.]" *Freestream*, 905 F.3d at 603. The test requires that:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Id.* (citation omitted); *see also Picot*, 780 F.3d at 1211. "The plaintiff has the burden of proving the first two prongs." *Picot*, 780 F.3d at 1211 (citation omitted). "If the plaintiff succeeds in satisfying [them], the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 476–78). Absent a "compelling case" that exercising jurisdiction would be unreasonable, it is presumed reasonable. *Burger King*, 471 U.S. at 477. If a plaintiff fails to meet the first prong, the Court need not address the others. *Ariz. Sch. Risk Retention Trust*, 169 F. Supp. 3d at 936.

### III. Discussion

Deaconess argues that the case should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (*See generally* Doc. 15.) Dinan opposes the MTD but argues, in the alternative, that the case should be transferred to the Southern District of Ohio, (*see generally* Doc. 17), which is Deaconess' "home state," (Doc. 16 at 11). Deaconess maintains that dismissal is appropriate but avers that it "would not oppose transfer to, or jurisdiction in, the Southern District of Ohio." (Doc. 18 at 11.) The Court is persuaded that transfer to the Southern District of Ohio is appropriate here.

#### a. Lack of Specific Personal Jurisdiction

Under the first prong of the specific jurisdiction test, Plaintiff must show that Deaconess "either (1) 'purposefully availed' [itself] of the privilege of conducting activities in the forum, or (2) 'purposefully directed' [its] activities toward the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 802). This prong presents two distinct standards, with each to be applied under different circumstances. *Schwarzenegger*, 374 F.3d at 802; *see Ziegler*, 64 F.3d at 473 (explaining that courts apply the first prong differently to contract cases versus tort cases). In this Circuit, "[a] purposeful availment analysis is most often used in suits sounding in contract," *Schwarzenegger*, 374 F.3d at 802, and the parties here advance arguments under that analysis. (*See* Doc. 16 at 5–8; Doc. 17 at 8–17; Doc. 18 at –9.) The Court agrees that this is the correct analysis.

Purposeful availment requires the defendant to "purposefully avail[ ] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Schwarzenegger*, 374 F.3d at 802 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). That a non-resident defendant has a contract with a resident of the forum state does not suffice on its own to confer personal jurisdiction. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing *Burger King*, 471 U.S. at 478); *see Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (same). In contract cases, specific jurisdiction hinges on considerations such as: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, and (4) the parties' course of dealing. *Gray*, 913 F.2d at 760 (quoting *Burger King*, 471 U.S. at 479).

Here, Dinan contends that Deaconess has purposely availed itself of doing business in Arizona by a number of activities, including the "ongoing, long-term nature" of the parties' contractual relationship; Dinan's location in, and work done from, Arizona; the "high volume" of phone calls and emails that the parties exchanged; the fact that Deaconess mailed payments to Dinan in Arizona; and a Deaconess agent's attendance of a meeting with Dinan on December 3, 2014, in Phoenix, Arizona. (Doc. 17 at 13–14.) Deaconess contends that all these activities "boil[] down to one fact—Dinan happens to be located in Arizona." (Doc. 18 at 1.) It argues that this fact is insufficient to confer personal jurisdiction. (*Id.*) While the Court finds that Dinan's argument is *slightly* more colorable than Deaconess allows, it agrees that Deaconess has not purposefully availed itself of the benefits and protection of Arizona.

As an initial matter, some of the facts relied on by Dinan are not purposeful activities that invoke the protections and benefits of the forum. For instance, the email and phone communications between the parties, as well as Deaconess' mailing of checks, are not the sort of activities that constitute purposeful availment in the Ninth Circuit. *See Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (explaining that, in the Ninth Circuit, "ordinarily 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum]

state.'" (quoting *Thomas. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980))). Additionally, Dinan's location in Arizona, or that fact that its work was done from Arizona, are irrelevant for the purposeful availment analysis because these are action taken by Dinan, not Deaconess. *Joseph Saveri L. Firm, Inc. v. Criden*, 696 F. App'x 189, 191 (9th Cir. 2017) ("[T]here must be actions *by the defendant himself* that create a substantial connection with the forum State." (quoting *Burger King*, 471 U.S. at 475) (emphasis added) (internal quotation marks removed)).

The remaining facts—the one-time business meeting and the existence of a contractual relationship—do not suffice to establish purposeful availment. "As the Supreme Court has expressly cautioned, a contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008). The facts here contain more than a contract *alone*, but not by much; the only other relevant fact is a business meeting in Phoenix. By Dinan's own admission and evidence, the December 2014 meeting was spur-of-the moment, unrelated to negotiating the Agreement (which was entered seven months earlier), and a one-time occurrence. (*See* Doc. 17 at 4–5; Doc 17-1 at 11–15.) This is the sort of "temporary physical presence" that is not sufficient to overcome Deaconess' overall lack of business activities within the forum state. *See Fed. Deposit Ins. Corp. v. Brit.-Am. Ins. Co.*, 828 F.2d 1439, 1443 (9th Cir. 1987).

Moreover, the terms of the Agreement do not support a finding of personal jurisdiction. The contract does not contain a choice-of-law or forum-selection clause, makes no mention of contemplated future consequences[2] in Arizona, and does not even contain the word "Arizona." (*See* Doc. 17-1 at 8–9.) The absence of such terms is telling. *See, e.g.*, *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991) (explaining that—in "a very close call" scenario—the "future consequences" of a contract lead the court to find personal jurisdiction); *Hill-Rom Servs. Inc. v. Convergence Sys. Ltd.*, No. CV-19-02223-

---

[2] Notably, Dinan does not say how many, if any, of the 1,700 prospects that it presented to Deaconess were located in Arizona.

PHX-GMS, 2019 WL 5684198, at *4 (D. Ariz. Nov. 1, 2019) (explaining that "the choice of law and venue provisions [were] relevant factors" in the Court's finding of personal jurisdiction).

In summary, an Ohio company (Deaconess) contracted with an Arizona company (Dinan), who provided a North Carolina business (the Prospect) as a potential acquisition. The Agreement between the Ohio and Arizona company was negotiated from their respective states, with neither traveling to the other. An Ohio company agent made a one-time, impromptu stop in Phoenix to have a business meeting with the Arizona company—which neither involved finalizing the Agreement, nor the acquisition of the Prospect that is the subject of this litigation. Other than that, the only Arizona related activities were those undertaken by the Arizona company during its contractual relationship with the Ohio company. These connections are far too attenuated to say that the Ohio company has purposefully availed itself of the protections and benefits of the forum state.

Accordingly, Deaconess has not purposefully availed itself of the forum, and the Court need not consider the remaining prongs of the personal jurisdiction analysis. Therefore, the Court finds that it does not have personal jurisdiction over Deaconess.

### b. Appropriateness of Transfer

Dinan moves that the Court transfer the action to the Southern District of Ohio—instead of dismissing the case—if the Court finds it is without personal jurisdiction over Deaconess. (Doc. 17 at 17.) Deaconess neither opposes the transfer, nor will it challenge the jurisdiction of the Southern District of Ohio. (Doc. 18 at 11.) The Court agrees that, given its lack of personal jurisdiction, transfer to the Southern District of Ohio is appropriate.

28 U.S.C.A. § 1631 provides that, if a district court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." That Deaconess' MTD did not request transfer is irrelevant. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) ("Because the statute's language is

mandatory, federal courts should consider transfer without motion by the parties."). Transfer is appropriate if: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Id.*

All three prongs of the test are met here. First, the Court has found that it is without personal jurisdiction over Deaconess. Second, this action could have originally been brought in the Southern District to Ohio because it is the state in which Deaconess resides, and the suit is between diverse parties with an amount in controversy that is greater than $75,0000. *See* 28 U.S.C.A. § 1332. Third, transfer is in the interest of justice because it would prevent unnecessary delay by requiring Dinan to refile this action in the Southern District of Ohio. ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *See id.* (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (internal quotation marks omitted)). Therefore, the Court will transfer this action.

**IV.  Conclusion**

Therefore,

**IT IS ORDERED** denying Deaconess' MTD.  (Doc. 15.)

**IT IS FURTHER ORDERED** transferring this case to the Southern District of Ohio.

**IT IS FURTHER ORDERED** instructing the Clerk to terminate this case.

Dated this 8th day of February, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge

- 9 -